JOYNES, J.
The plaintiff in error was indicted jointly with Kemp & als., whose case has just been decided, but tried separately. He moved to quash the indictment, on the same grounds on which a like motion was made in that case, and for the reasons stated in that case this motion was properly overruled.
After the verdict was rendered, a motion was made for a new trial on two grounds: 1. That the verdict was against the law and the evidence. 2. The misconduct of the jury. No question has been made in reference to the law applicable to the facts, and the first ground must be considered with reference to the evidence alone.
It was clearly proved that the deceased was murdered in the night, and his store robbed at the same time. The plaintiff in error confessed that he was one of the party who robbed the store. He stated, however, that he did not go to the store, but stopped about two hundred yards off; that he remained there until the other parties returned with the goods; that he received his share of the goods; that while he was there he heard two guns fire, (it was proved that two guns were fired at the store at the time of the murder,) and that he did not “go in,” because he “was afraid there would be some harm done. ’ ’ Part of the stolen goods were found in the possession of the prisoner’s wife.
*Now, when several persons are concerned in the commission of a felony, or other unlawful act, and in the execution of the common purpose, any one of them commits a murder, all who are present aiding and abetting in the unlawful purpose are guilty of the murder. 1 Wharton Crim. Law, § 127; 1 Russell on Crimes 29. And it is not necessary, in order to make a party liable, that he should be actually and immediately present at the commission of the offence. If he co-operates in the execution of the common purpose by watching at a proper distance, to prevent surprise, or the like; or if, with the intention of giving assistance, he remains near enough to afford it, if the occasion for it should arise, he is constructively present, and is equally guilty with those who are actually present and do the act. 1 *886 Whart. Crim. Law, § 124; 1 Russell on Crimes 27.
It was for the jury to say, upon the confession of the prisoner and the other evidence, a part of which only I have mentioned, whether the plaintiff in error was, according- to these principles, constructively present, aiding and abetting in the murder which was actually committed by some one or more of the others. By their verdict they, in effect, found that he was, and we cannot say that the evidence was plainly insufficient to warrant' that finding, .so as to entitle the plaintiff in error to a new trial.
The facts in relation to the other ground assigned for a new trial are, in substance, that the trial occupied but one day; that the court took a recess for dinner, and before doing so committed the jury to the charge of the sheriff, who was duly sworn and charged by the court, though his deputy was not sworn, to take charge of the jury; that while the sheriff had the jury so under his charge in a jury room, he took three of the jurors, at their request, to their conveyances about a hundred yards off, to get their provisions; that when they got their provisions, he went immediately back with them to the jury room; that when he took the three jurors from the jury room he left the rest behind in charge of his deputy; that after taking those three back to the jury room, the sheriff took four of the jury to the tavern about one hundred yards off; that two of them seated themselves at the dinner table, and the other two were in the act of doing so, when the judge, who was at the table, ordered the sheriff to take them back-to the jury room, which was immediately done; that they did not remain at the table more than half a minute; that on both occasions the jurors who were absent from the jury room were always in the presence and under the eye of the sheriff, and held no communication with any one else; that while the four jurors were absent, the others were in the jury room in charge of the deputy sheriff; that the door was closed, and that no person had any communication with them during the absence of the sheriff.
It is well settled, that where some of the-jurors separate from the rest for an innocent purpose, being accompanied by an officer, while the others are left in .charge of another officer, both officers being duly sworn and -charged to keep the jury, the separation will not vitiate the verdict. Massey Thomas’ case, 2 Va. Cas. 479. See Thompson’s case, 8 Gratt. 637. And this is in accordance with every day’s practice. The question therefore is, whether it was indispensable, in this case, that the deputy sheriff, as well as the sheriff, should be specially sworn to keep the jurj1-.
In Bennett’s case, 8 Beigh 745, it was held by the General - Court, that though it is proper that the sheriff should always be sworn to keep a jury committed to his charge, according to the common practice, it is not indispensable, it being the duty of the sheriff ex-officio to keep the jury when committed to his charge by the court. The same must be true of a deputy, sheriff. And so I think that, on the same principle, where, as in this case, a sheriff is *speci'ally sworn and charged to keep the jury, it is not indispensable that a deputy, whom he calls to his assistance,, should be specially sworn. A contrary doctrine would imply a suspicion which ought not to be indulged against a public officer engaged in the discharge of his appropriate duty, and might lead often to great inconvenience, without any compensating advantage.
Moreover, the jurors who were left by the sheriff were, on both occasions, left by him in the jury room. On the last occasion, the door of the jury room was locked.
It does not appear whether -it was or not locked on the first occasion, though it may fairly be presumed that it was closed, if not locked. Now it must often happen that some of the jurors will be left in the jury room for a short time while others are absent, for necessary purposes, in company with an officer. This is unavoidable where only one officer is. present. The jurors in such a case are still in the custody of the officer, who, though absent from them for the time, maintains his custody, and secures the substantial object of the law by shutting them up in the jury room. Why may not the sheriff, while he thus maintains his charge and custody, have his deputy at the door of the jury room, or even inside of the room, to see that the jurors do not leave, or that the door is kept shut, even though it were indispensable that a sheriff or deputy sheriff charged with the custody of a jury should be specially sworn? That is substantially what was done in this case. The sheriff, '-no doubt, supposed that he had a right to do so; he had no intention of relinquishing his own custody; he honestly designed, through his deputy, the more certainly to maintain his custody, and every purpose of the law has been accomplished. We should go far beyond any former case in ■ this court, or the General Court, if we should hold the verdict to be vitiated under such circumstances. This is not at all inconsistent with *what was held in Wormley’s case, 8 Gratt. 712. The jury in that case were taken out of the jury room and to the house of a citizen in the neighborhood. The sheriff, in effect, abandoned his custody of them by going into another part of the house, and leaving them in the company of several other persons, and not in charge of a deputy.
Upon the whole case, I think there is no error in the judgment, and that it ought to be affirmed.
The other judges concurred in the opinion of Joynes, J.
Judgment affirmed.